EXHIBIT "A"

**Court of Common Pleas of Philadelphia County**
**Trial Division**

# Civil Cover Sheet

NOVEMBER 2020    000478

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> ALLSTATE INSURANCE COMPANY | **DEFENDANT'S NAME** <br> LG ELECTRONICS USA, INC. |
| **PLAINTIFF'S ADDRESS** <br> 2775 SANDERS ROAD <br> NORTHBROOK IL 60062 | **DEFENDANT'S ADDRESS** <br> 100 SYLVAN STREET <br> ENGLEWOOD CLIFFS NJ 60179 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement <br> [X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors <br> [ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival <br> [ ] Other: |

**CASE TYPE AND CODE**
1G - SUBROGATION ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED <br> PRO PROTHY <br> NOV 06 2020 <br> A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ALLSTATE INSURANCE COMPANY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> JOSEPH L. MCGLYNN | ADDRESS <br> THREE VALLEY SQUARE <br> SUITE 220 <br> BLUE BELL PA 19422 |
|---|---|
| **PHONE NUMBER** <br> (215)310-4731 | **FAX NUMBER** <br> (215)383-0082 |
| **SUPREME COURT IDENTIFICATION NO.** <br> 201181 | **E-MAIL ADDRESS** <br> jmcglynn@delucalevine.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** <br> JOSEPH MCGLYNN | **DATE SUBMITTED** <br> Friday, November 06, 2020, 07:26 am |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY**<br>2775 Sanders Road<br>Northbrook, IL 60062<br>    **Plaintiff(s),**<br>v.<br><br>**LG ELECTRONICS USA, INC.**<br>100 Sylvan Avenue<br>Englewood Cliffs, NJ 60179<br><br>    **Defendant(s)** | **Civil Action No:** |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**

Case ID: 201100478

Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333, TTY (215) 451-6197

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY**<br>2775 Sanders Road<br>Northbrook, IL 60062<br>　　　　　　**Plaintiff(s),**<br>　　v.<br><br>**LG ELECTRONICS USA, INC.**<br>100 Sylvan Avenue<br>Englewood Cliffs, NJ 60179<br><br>　　　　　　**Defendant(s)** | Civil Action No: |

## COMPLAINT

Plaintiff, Allstate Insurance Company, by and through their attorneys, deLuca Levine LLC, hereby demands judgment against Defendant, LG Electronics USA, Inc., and states by way of Complaint against them as follows:

## PARTIES

1. Allstate Insurance Company ("Allstate" or "Plaintiff"), at all times relevant hereto, is, and was, an Illinois corporation with a principal place of business located at the above-referenced address.

2. At all times relevant hereto, Allstate provided homeowners insurance for the residential property owned by Francis J. and Leah J. Gill (hereinafter "the Gills") located at 1999 Park Hill Road, North Huntingdon, Pennsylvania 15642 (hereinafter "subject property").

3. At all times relevant hereto, Defendant, LG Electronics USA, Inc. (hereinafter "Defendant"), is a corporation existing under the laws of the State of New

Jersey with its principal place of business located at 100 Sylvan Avenue, Englewood Cliffs, NJ 07632, which at all times relevant hereto was duly authorized to engage in business in the Commonwealth of Pennsylvania.

4. At all times relevant hereto, LG, upon information and belief, was in the business of, *inter alia*, designing, assembling, manufacturing, selling, testing, distributing and/or marketing, *inter alia*, dehumidifiers, including the dehumidifier at issue in this case (hereinafter "the product").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendant because the Defendant either has its principal place of business in Pennsylvania, is incorporated in Pennsylvania, or is registered to do business in Pennsylvania, has consented to jurisdiction in Pennsylvania and/or does sufficient business in, or has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

6. Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 1006, including because Defendant can be served here and/or the cause of action arose here and/or the transaction or occurrence took place here and/or the property which is the subject matter of the action is located here.

7. Plaintiff is prosecuting this subrogation action pursuant to the provisions of Pa.R.C.P. 2002(d).

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

9. Prior to October 6, 2019, the Gills purchased a dehumidifier ("product") which was manufactured and or distributed by LG.

10. On or about October 6, 2019, internal wiring catastrophically failed within the dehumidifier at a location which was inaccessible to the Gills. As a result, a fire erupted within the subject product and spread to nearby combustible materials.

11. The subject fire was caused by a sudden and catastrophic malfunction and/or defect of the product designed, assembled, manufactured, sold, tested, distributed and/or marketed by LG.

12. The fire damaged the Gills' real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

13. As a direct and proximate result of the aforementioned defects, the Gills sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in the amount of $143,977.23 that was paid by Plaintiff.

## COUNT 1 – STRICT PRODUCTS LIABILITY

14. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

15. LG designed, assembled, manufactured, sold, tested, distributed and/or marketed the subject product in an unreasonably dangerous and defective condition.

16. At the time the subject product was sold, it was in the same dangerously defective condition in which it left LG's possession and/or control.

17. The fire that occurred in the subject product and the subsequent damage to real and personal property, was caused by and resulted from the negligent, carelessness,

reckless and grossly negligent acts and/or omissions of LG, acting by and through its respective agents, servants and/or employees in the course and scope of their employment, through which Defendant is strictly liable under Section 402A of the Restatement (2d) of Torts, and Pennsylvania's applicable case law, by reason of:

a. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject dehumidifier, which LG knew or should have reasonably known would subject Plaintiff to an unreasonable risk of harm;

b. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject dehumidifier, which LG knew or should have reasonably known would endanger the real and personal property of Plaintiff;

c. failing to select safe and adequate components of the subject dehumidifier;

d. failing to properly and adequately warn of the limitations of the subject dehumidifier;

e. failing to provide adequate and sufficient warnings with respect to the subject dehumidifier which thereby rendered the subject dehumidifier defective and unreasonably dangerous;

f. failing to distribute and/or supply a product that was safe of its reasonably foreseeable use and intended purpose;

g. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject dehumidifier, that was not reasonably fit, suitable or safe for its intended purpose;

h. failing to properly test and inspect the subject dehumidifier at the time it left the control of Defendant;

i. failing to manufacture, assemble and/or design the subject dehumidifier in a manner sufficient to prevent fire;

      j.      failing to comply with all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements;

      k.      selling, distributing and/or marketing a defective dehumidifier; and

      l.      otherwise failing to act reasonably under the circumstances.

18. As a direct and proximate result of LG's aforementioned acts and/or omissions for which LG is strictly liable, the Gills sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in the amount of $143,977.23 paid by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, LG Electronics USA, Inc., in the amount of $143,977.23, together with interest, costs of suit, attorneys' fees, punitive damages and such other and further relief as the Court deems just and equitable.

## COUNT II – NEGLIGENCE

19. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

20. The aforementioned damages were the direct and proximate result of the negligence and carelessness of LG, by and through employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

      a.      failing to exercise reasonable care in the following manner:

            i.      failing to design, assemble, manufacture, sell, test, distribute and/or market a properly functioning product;

      ii. failing to properly inspect and/or test the product and/or its component parts;

      iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

      iv. failing to provide safe and adequate warnings or instructions with the product; and/or

      v. designing, assembling, manufacturing, selling, testing, distributing and/or marketing the product when LG knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all agents and/or employees during the installation of the product to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

21. As a direct and proximate result of such conduct, the Gills sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in the amount of $143,977.23.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, LG Electronics USA, Inc., in the amount of $143,977.23, together with interest, costs of suit, attorneys' fees, punitive damages and such other and further relief as the Court deems just and equitable.

## COUNT III – BREACH of WARRANTIES

22. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

23. In conjunction with the sale and distribution of the product, LG expressly and implicitly warranted that it would be free from defects, merchantable and safe to use for its general and intended purposes.

24. Based upon the above, LG breached these implied and/or statutory warranties, as well as express warranties provided with the product.

25. As a direct and proximate result of such breach(es), the Gills sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in the amount of $143,977.23.

26. Plaintiff had and has performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, LG Electronics USA, Inc., in the amount of $143,977.23, together with interest, costs of suit, attorneys' fees, punitive damages and such other and further relief as the Court deems just and equitable.

**de LUCA LEVINE LLC**

BY: */s/ Joseph L. McGlynn*
**JOSEPH L. MCGLYNN, ESQUIRE**
PA ID: 201181
Three Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
215-383-0082 (fax)
jmcglynn@delucalevine.com
**ATTORNEYS FOR PLAINTIFF**

Dated: November 6, 2020

Case ID: 201100478

## VERIFICATION

I, Robin Anderson, under the penalties of perjury, state that I am a representative of Allstate Insurance Company, the real party in interest; that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry.

*Robin Anderson*

Signed under penalty of perjury this   4th   day of   November, 2020.

Case ID: 201100478